IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Valeria Guess Rhodes, | C/A No. 5:20-cv-04204-SAL |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| Safe Auto Insurance Co. and John Doe, | |
| Defendants. | |

This matter is before the court on Defendant Safe Auto Insurance Company's ("Defendant") Motion to Stay Proceedings, Discovery, and Entry of a Scheduling Order (the "Motion"). [ECF No. 10.]

**BACKGROUND & PROCEDURAL HISTORY**

Plaintiff Valeria Guess Rhodes ("Plaintiff") instituted the above-captioned action in the Court of Common Pleas for Orangeburg County, South Carolina on December 1, 2020. [ECF No. 1-1.] Plaintiff asserts bad faith/breach of the covenant of good faith and fair dealing, negligence, breach of contract, restitution/unjust enrichment/quantum meruit, barratry, and equitable indemnity claims against her insurer in relation to its handling of an insurance claim.

Plaintiff was involved in a motor vehicle/motorcycle collision that resulted in the death of Billy Joe Johnson ("Mr. Johnson"). Following the accident, Mr. Johnson's estate made time-sensitive settlement demands. Plaintiff alleges that Defendant rejected the demands, leaving her subject to personal exposure in excess of the policy limits. In 2019, the estate filed a wrongful death suit against Plaintiff in the Court of Common Pleas for Orangeburg County, South Carolina, Case No. 2019-CP-38-01637 (the "Underlying Action").

1

On December 4, 2020, Defendant removed the case to this court on the basis of diversity jurisdiction. [ECF No. 1.] Thereafter, on December 22, 2020, Defendant answered the Complaint and asserted a counterclaim for declaratory judgment. [ECF No. 9.] Defendant seeks declarations that it is not obligated to pay more than the policy limits to third parties injured as a result of the accident and it did not act in bad faith in declining the settlement demands. Defendant also filed the Motion that is the subject of this Order. [ECF No. 10.]

Through the Motion, Defendant asks the court to stay this action pending resolution of the Underlying Action. *Id.* Defendant argues a stay is appropriate for two reasons. First, the Underlying Action may be dispositive of Plaintiff's case, and therefore, the court should stay pending a "dispositive event"—trial of the Underlying Action—pursuant to Local Civil Rule 16.00(C) (D.S.C.). Second, Defendant argues the court should exercise its inherent authority to control the disposition of its docket and stay the case.

In response, Plaintiff argues Defendant's request would serve only to "delay this action for an indefinite number of years without justification." [ECF No. 16 at p.2.] She claims the delay would cause her significant prejudice, and contrary to Defendant's argument, judicial economy would be served if the court allows this case to proceed.

On reply, Defendant contends Plaintiff's reliance on *Nautilus Insurance Co. v. Winchester Homes*, 15 F.3d 371 (4th Cir. 1994) misses the mark because, unlike in *Nautilus*, Defendant is currently providing a defense to Plaintiff in the Underlying Suit. [ECF No. 18 at p.2.] Further, Defendant argues Plaintiff is not prejudiced by a stay where there is no judgment entered in the Underlying action. *Id.* at p.3. The issue is ripe for resolution by this court.[1]

---

[1] On May 27, 2021, Defendant filed a Motion for Summary Judgment "withdraw[ing] its motion to stay to the extent necessary to permit this Court to consider and resolve this Motion [for

2

# DISCUSSION

In assessing whether a stay is appropriate in this case, the court turns to the two[2] rules cited by Defendant in support of its Motion: (1) Local Civil Rule 16.00(C) (D.S.C.) and (2) the court's inherent power to manage its docket.

## I. Local Civil Rule 16.00(C) (D.S.C.).

Defendant is correct that Local Civil Rule 16.00(C) (D.S.C.) allows a judge to stay entry of a scheduling order and stay all federal and local disclosure requirements in certain circumstances. At the time the Motion was filed, this case did not fall into one of those limited circumstances, however.

Defendant contends that resolution of the Underlying Case is a "dispositive event" that, if resolved in Plaintiff's favor, would be entirely dispositive of the present case. [ECF No. 10 at pp.2, 3.] The court disagrees. Local Civil Rule 16.00(C) (D.S.C.) allows a judge to stay the scheduling order and disclosure requirements "pending resolution of a motion to remand or to dismiss or other dispositive *motion*." (emphasis added). Defendant did not file a motion to remand, dismiss, or other dispositive motion *before* seeking a stay of the action.

---

Summary Judgment]," but did "not withdraw its motion to stay to the extent it seeks a stay of other proceedings in this matter." [ECF No. 21 at p.1 n.1.]

[2] Defendant also references Rules 1, 16, and 26 of the Federal Rules of Civil Procedure. Rule 1, FRCP requires the court to construe and administer the rules of civil procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 16, FRCP addresses scheduling and pretrial conferences, and Rule 26, FRCP governs initial, expert, and pretrial disclosures. These rules, while tangentially related to Defendant's requested relief, are not at the core of Defendant's arguments. The court surmises that Defendant includes these rules in its Motion given Local Civil Rule 16.00's reference to Rules 16 and 26's disclosure and scheduling requirements. *See* Local Civil Rule 16.00 ("In order to accommodate the requirements of Fed. R. Civ. P. 16 (scheduling conferences and orders) and to facilitate compliance with Fed. R. Civ. P. 26(a)(1) (required initial disclosures) and 26(f) (conference of the parties and report to the court) in cases not exempted below, this district adopts the procedures set out . . . below.").

Moreover, as noted in the Local Rule, "[a]ny party desiring a stay on this basis shall file a *separate* motion to stay." *Id.* (emphasis added). The plain language of the rule, therefore, contemplates a dispositive motion filed in conjunction with the motion requesting the stay. Here, the court is presented with a motion to stay the case, but, at least at the time of filing of that motion, was left without a corresponding dispositive motion. While district courts are granted wide latitude in promoting the speedy and efficient administration of cases, it is not without bounds. The court, therefore, concludes it would contravene the plain language of Local Civil Rule 16.00(C) (D.S.C.) to grant a stay as initially requested by Defendant.

## II. Inherent Authority.

Defendant next argues that the court should stay this case in accordance with its inherent authority to control the disposition of cases on its docket. In this regard, Defendant argues the three factors cited by the court in *Murph-Pittman v. DePuy Orthopaedics* control the decision on whether to grant the motion to stay. No. 3:12-cv-3179, 2012 WL 6588697 (D.S.C. Dec. 17, 2012); [ECF No. 10 at p.2.] Further, Defendant argues the U.S. Supreme Court's recognition that courts may stay or dismiss a declaratory judgment action in favor of ongoing state proceedings also supports a stay in this case. *Id.* at p.3 (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)). Again, the court must disagree.

First, *Murphy-Pittman* involved competing motions: a motion to remand and a motion to stay pending transfer of a case to multi-district litigation ("MDL"). The three factors cited by the *Murphy-Pittman* court come from *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001), which also involved the same two pending motions. In those cases, the court engages in a three-step analysis. It first looks to the motion to remand and preliminarily assesses whether removal was improper. *Meyers*, 143 F. Supp. 2d at 1049. If the preliminary assessment suggests

4

it was improper, the court can complete its consideration and remand. *Id.* If, however, the jurisdictional question is "factually or legally difficult," the court proceeds to the second step. *Id.* The second step asks, "whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding." *Id.* If the jurisdictional issue is different from those in the transferee court, there is little value in staying the issue for the transferee court's ruling. *Id.* If the jurisdictional issue is similar or identical to those cases transferred or likely to be transferred, the court proceeds to the third step and considers the motion to stay. It is at this third step that the court considers the three factors identified and applied by the court in *Murphy-Pittman*. *Id.* This case is distinct from the motion to remand/motion to stay situation in *Murphy-Pittman*; so much so that the court is unable to conclude that the same three factors would govern whether the court should grant a stay in this case.

Moreover, the *Brillhart/Wilton* analysis does not advance Defendant's position. "The Supreme Court held in *Brillhart*[] and reaffirmed in *Wilton*[] that when a plaintiff brings a declaratory judgment action, the district court enjoys discretion in deciding whether to assert jurisdiction over the action or abstain from hearing it." *Riley v. Dozier Internet Law, P.C.*, 371 F. App'x 399, at *2 (4th Cir. 2010). The Fourth Circuit has outlined four factors—the *Nautilus* factors identified by Plaintiff in response to Defendant's Motion—for the court to assess in determining whether to hear a declaratory action when a related state-court proceeding exists. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 297 (4th Cir. 2005).

As Defendant seems to concede on reply, this is not a situation where the court would invoke *Brillhart/Wilton*—regardless of whether the outcome would be to stay or abstain. [ECF No. 18 at p.2.] Plaintiff did not assert a declaratory claim. The only declaratory claim appears as Defendant's counterclaim. *Id.* at n.1. Therefore, the U.S. Supreme Court's recognition of a district court's

5

"substantial discretion" to stay a declaratory judgment action in favor of ongoing state litigation in *Brillhart* and *Wilton*, while important, is not applicable to the present case.

In sum, Defendant's Motion does not provide the court with a sufficiently definitive rule, doctrine, or other case law support to garner a ruling in its favor on the Motion as it existed prior to Defendant filing the Motion for Summary Judgment.

Since the filing of the Motion, however, Defendant filed a dispositive motion—a Motion for Summary Judgment. [ECF No. 21.] As a result, a motion to stay pursuant to Local Civil Rule 16.00(C) (D.S.C.) would now be appropriate. In the interest of judicial economy and efficiency, the court will not require Defendant to refile a motion to stay in this action. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (recognizing "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"). Instead, the court construes footnote 1 in Defendant's Motion for Summary Judgment as a renewed request for the stay of a scheduling order in accordance with Local Civil Rule 16.00(C) (D.S.C.). The court will, accordingly, exercise its inherent authority to stay entry of a scheduling order pending resolution of the Motion for Summary Judgment.

## CONCLUSION

For the reasons outlined herein, Defendant Safe Auto Insurance Company's Motion to Stay Proceedings, Discovery, and Entry of a Scheduling Order, ECF No. 10, is **GRANTED in part** and **DENIED in part**.

The court reiterates that the Motion included a premature request for a stay pursuant to Local Civil Rule 16.00(C) (D.S.C.). Since that time, however, Defendant filed a dispositive motion. In light of the fact that a dispositive motion is pending before the court and in the interest of judicial

7

economy and efficiency, the court hereby **STAYS** entry of a scheduling order pending resolution of the now-pending dispositive motion.

**IT IS SO ORDERED.**

/s/Sherri A. Lydon<br>United States District Judge

June 1, 2021
Florence, South Carolina

7